23-6954-cr
*United States v. Maldonado*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of May, two thousand twenty-four.

PRESENT:
>AMALYA L. KEARSE,
>JOSEPH F. BIANCO,
>MYRNA PÉREZ,
>>*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                                                                         23-6954-cr

RAHEEM MALDONADO,

>*Defendant-Appellant,*

CORY HARRIS, a/k/a HOP, a/k/a P, DANIEL HERRING, a/k/a MIKE, FRANK JENKINS, JR, a/k/a FRIZZ, JARON LANGHORNE, a/k/a GHOST, MITCHELL MALDONADO, UNIQUE NEWELL, a/k/a TRILLA, ADAM PHILLIPS, KRYSTAL PINSONNEAULT, MIGUEL ROBLES, LUIS ZABALA, a/k/a ANT,

>*Defendants.*\*

_____

\* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent

FOR APPELLEE:                           Amanda Caitlin Weingarten, Assistant
                                        United States Attorney (Nathan Rehn,
                                        Assistant United States Attorney, *on the
                                        brief*), *for* Damian Williams, United States
                                        Attorney for the Southern District of New
                                        York, New York, New York.

FOR DEFENDANT-APPELLANT:                 John Buza, Konta Georges & Buza, P.C.,
                                        New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on August 10, 2023, is **AFFIRMED**.

Defendant-Appellant Raheem Maldonado appeals from the district court's judgment revoking his supervised release and sentencing him to six months' imprisonment, followed by three years' supervised release.[1]   Maldonado's sole argument on appeal is that the district court abused its discretion by admitting out-of-court evidence at his violation of supervised release ("VOSR") hearing with respect to two incidents of domestic violence he allegedly committed against the mother of his three children (the "Victim") that were charged in the specifications of the Amended Violation Petition.   Specifications One and Two alleged that on November 24, 2021, Maldonado committed the state crimes of assault in the third degree with intent to cause physical injury and criminal obstruction of breathing or blood circulation by applying pressure, respectively (the "November 2021 Assault").   Specifications Seven, Eight, Nine, and Ten alleged that on March 26, 2022, Maldonado committed the state crimes of assault in the third degree with intent

---

with the caption on this order.

[1]  Maldonado completed his term of imprisonment and is currently on supervised release.

to cause physical injury, assault in the third degree, aggravated harassment in the second degree, and attempted assault in the third degree, respectively (the "March 2022 Assault").[2] The Victim did not testify at the VOSR hearing and the district court, over Maldonado's objection, allowed the government to introduce: (1) statements that the Victim made to police officers responding to her 911 calls immediately after the two alleged assaults, as memorialized in domestic incident reports ("DIRs") completed on the scene; and (2) statements that the Victim made to case workers for the New York City Administration for Children's Services ("ACS") in the days following the alleged assaults, as memorialized in their records ("ACS Progress Notes"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

It is well settled that "[r]evocation proceedings are not deemed part of a criminal prosecution, and, [as such], defendants in such proceedings are not entitled to 'the full panoply of rights' that criminal defendants generally enjoy." *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). Importantly, "[a]lthough the Confrontation Clause of the Sixth Amendment does not apply to supervised-release revocation hearings," *United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006), Federal Rule of Criminal Procedure 32.1 provides that a defendant is entitled "an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear[.]" Fed. R. Crim. P. 32.1(b)(2)(C). Therefore, when the government requests admission at a VOSR hearing of a hearsay statement that does not fall within one of the established hearsay

---

[2] Maldonado admitted to: Specifications Four, Five, and Six, which related to his use of a controlled substance, failure to comply with drug testing, and failure to participate in outpatient treatment, respectively; and Specification Eleven for violating the special condition of supervision that prohibited him from having any contact with the Victim. Specification Three, which related to obstruction of governmental administration in the second degree by actively resisting police officers, was dismissed on the government's motion.

3

exceptions, Rule 32.1(b)(2)(C) and the Due Process Clause "require[] the court to determine whether good cause exists to deny the defendant the opportunity to confront the adverse witness." *Williams*, 443 F.3d at 45. "In making that determination, the court must balance, on the one hand, the defendant's interest in confronting the declarant, against, on the other hand, the government's reasons for not producing the witness and the reliability of the proffered hearsay." *Id.* "We review the court's balancing of the Rule 32.1 factors for abuse of discretion." *Id.* at 46.

We explained in *Carthen* that "[w]e have held that good cause justifying the absence of a declarant exists when a defendant has a 'history of violent conduct that makes reprisal against the declarant a possibility.'" 681 F.3d at 101 (alterations adopted) (quoting *United States v. Jones*, 299 F.3d 103, 113 (2d Cir. 2002)); *see also Williams*, 443 F.3d at 45 ("In the balancing process, the defendant's interest in confronting the declarant is entitled to little, if any, weight where the declarant's absence is the result of intimidation by the defendant[.]"). As set forth below, the district court acted well within its discretion in determining that such a circumstance was presented here.

Prior to the hearing, the government advised the district court in writing that its reason for not producing the Victim as a witness at the hearing was that the Victim had advised the government on three occasions that she would not testify against Maldonado because she was afraid of him. The Victim further informed the government "that she [did] not 'want to think about [the Domestic Violence Incidents] anymore,' and that since the defendant ceased contacting her, she [had] finally found peace for her family." App'x at 27 (second alteration in original). The Victim's fear of Maldonado had strong support in the record. For example, in 2012, Maldonado was convicted of aggravated harassment based on his conduct after the Victim attempted to end their relationship, in that he threatened to "violate" her if they did not get back together, and then followed her on several

4

occasions. *Id.* Maldonado was then arrested on two occasions for violating an order of protection that the Victim had obtained after the aggravated harassment offense, and he was convicted in state court for offenses related to those violations. Moreover, in December 2020, Maldonado was arrested on state charges arising from an argument with the Victim in November 2020, during which he allegedly slapped her across the face and placed a hot pan on her forearm, leaving a red mark on her arm. Following that arrest, the district court amended Maldonado's supervised release conditions to require outpatient mental health treatment and domestic violence counseling. Based upon that history, and the fact that Maldonado's underlying criminal conviction that formed the basis of the supervised release involved his participation in a murder for hire, the district court reasonably concluded that the Victim's non-cooperation due to her fear of Maldonado "support[s] the finding of good reason not to attempt to call the victim to testify." *Id.* at 39; *see Carthen*, 681 F.3d at 101; *see also United States v. Harris*, 838 F.3d 98, 108–09 (2d Cir. 2016) (upholding a district court's finding of good cause to not require confrontation when a locatable witness refused to testify out of fear of the defendant); *Jones*, 299 F.3d at 113 (upholding a district court's finding of good cause to not have victims of domestic assault testify when the defendant's "history of violent conduct made reprisal against [the victims] a possibility").

The district court also assessed the reliability of the hearsay statements in the DIRs and ACR Progress Notes, and the record supported its conclusion that the statements were sufficiently corroborated by other evidence.[3] For example, the Victim's descriptions of the November 2021 and March 2022 Assaults to the 911 operators during or immediately following the incidents, as well as a neighbor's 911 call during the March 2022 Assault, were consistent with the hearsay

---

[3] None of the evidence at the VOSR hearing summarized below was the subject of an objection by defense counsel in the district court, nor is the admission of this corroborating evidence challenged on appeal.

statements. The Victim's hearsay statements were also consistent with footage from the police officers' body-worn cameras, which captured the Victim's initial statements to the police when she reported that Maldonado punched, smacked, and choked her. The corroboration also included Maldonado's admission to the ACS case worker that he slapped and pushed the Victim, while claiming she had slapped him first. In addition, the Victim's six-year-old child corroborated the Victim's version of events, telling case workers that he saw Maldonado choke, punch, and slap his mother during the November 2021 Assault.

Despite this corroboration, Maldonado contends that the hearsay statements should not have been admitted because they were unsworn and, thus, "she could not be punished for any lies she [told] them." Appellant's Br. at 18. We find this argument unpersuasive. As an initial matter, we note that the Victim handwrote her account of what occurred in the DIR for the March 2022 Assault and then signed that DIR under a notice that any false statements were punishable by law. Such a notice makes those statements closely akin to a sworn statement for reliability purposes. In any event, although whether the hearsay statement is sworn is a factor that the district court can consider in determining a statement's reliability under the Rule 32.1 balancing test, *see United States v. Peguero*, 34 F.4th 143, 155–56 (2d Cir. 2022), we have never held that the statement must be sworn to satisfy that test. Indeed, in *Carthen*, we upheld the admission of hearsay statements of a domestic violence victim that were both sworn and unsworn. 681 F.3d at 101–02 ("The hearsay portions of this evidence were detailed, credible, and sometimes under oath."); *see also Harris*, 838 F.3d at 102 (finding no abuse of discretion where the district court admitted unsworn victim statements made to law enforcement six months after the assault). As in *Carthen*, the hearsay statements at issue here had sufficient indicia of reliability to be admitted under Rule 32.1 even though they were unsworn, notwithstanding Maldonado's arguments regarding the lack of any

6

medical treatment for the alleged injuries and the Victim's purported motive to fabricate.

Maldonado also contends that our decisions in *Carthen* and *Peguero* are distinguishable because, in those cases, the victim statements "were the only statements available to the government." Appellant's Br. at 19. We disagree. The government is permitted to seek admission of a victim's hearsay statements under Rule 32.1 even when it is also introducing other statements by the same victim and, contrary to Maldonado's contention, did so in both *Carthen* and *Peguero*. In *Carthen*, the district court admitted other statements from the victim, including statements in "a court order that was admissible as an official record" and the victim's "report to [a] shelter that was not hearsay." 681 F.3d at 100. Similarly, in *Peguero*, the district court "also admitted several other of [the victim's] out-of-court statements—such as her recorded calls to 911 and statements she made to both responding officers—as excited utterances under Federal Rule of Evidence 803(2) and under Rule 32.1(b)(2)(C)." 34 F.4th at 150 n.4.

In sum, the district court did not abuse its discretion in determining that, on balance, the reasons for admitting the hearsay statements outweighed Maldonado's right to confront the Victim, and thus "good cause" had been demonstrated under Rule 32.1(b)(1)(C) for the admission of those statements.

*          *          *

We have considered Maldonado's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7